JOHN SNEAD, Defendant Below-Appellant,
v.
STATE OF DELAWARE, Plaintiff Below-Appellee.
No. 11, 2010.
Supreme Court of Delaware.
Submitted: March 29, 2010.
Decided: May 4, 2010.
Before BERGER, JACOBS and RIDGELY, Justices.

ORDER
JACK B. JACOBS, Justice
This 4th day of May 2010, upon consideration of the appellant's opening brief and the appellee's motion to affirm pursuant to Supreme Court Rule 25(a), it appears to the Court that:
(1) The defendant-appellant, John Snead, filed an appeal from the Superior Court's December 15, 2009 order denying his motion for correction of an illegal sentence/credit for time served. The plaintiff-appellee, the State of Delaware, has moved to affirm the Superior Court's judgment on the ground that it is manifest on the face of the opening brief that the appeal is without merit.[1] We agree and affirm.
(2) In September 2001, Snead pleaded guilty to Trafficking in Cocaine, Possession With Intent to Deliver Cocaine, Possession of a Firearm By a Person Prohibited, and Resisting Arrest. On the trafficking conviction, he was sentenced to 8 years of incarceration at Level V, to be suspended after 3 years for 5 years at Level III probation. On the conviction of possession with intent to deliver, he was sentenced to the Boot Camp Diversion Program following completion of his sentence on the trafficking conviction, with further sentencing to be deferred pending successful completion of the program, to be followed by 2½ years of Level III Boot Camp Aftercare. On the weapon conviction, Snead received 4 years at Level V, to be suspended for 4 years at Level III. On the resisting arrest conviction, he received 1 year at Level V, to be suspended for 1 year at Level II. The transcript of the plea hearing reflects that Snead was aware that, if he failed to successfully complete Boot Camp and Aftercare, he would be sentenced to a minimum of 5 years at Level V.
(3) The record reflects that Snead completed his 3-year Level V sentence and Boot Camp. While in Aftercare, however, Snead was found to have committed a violation of probation ("VOP") and was sentenced to Boot Camp Tune-Up. Sentencing on the VOP was deferred pending successful completion of that program. In June and October 2006, administrative warrants were filed alleging that Snead had once again committed a VOP by being charged with Assault, Conspiracy, Drug Possession, and Possession of Drug Paraphernalia.[2]
(4) On November 8, 2006, the Superior Court found that Snead had committed a VOP in connection with his 2001 sentences and vacated its September 7, 2001 Boot Camp Diversion order. On the conviction of possession with intent to deliver, the Superior Court sentenced Snead to 8 years at Level V, to be suspended after 5 years and successful completion of the Key Program for 18 months at Level III probation. On the weapon conviction, Snead was sentenced to 3 years at Level V, to be suspended for 2 years at Level III probation, to be served concurrently with his probation on the conviction of possession with intent to deliver.[3] In March 2008, the Superior Court modified Snead's sentence to correctly reflect credit for Level V time served.
(5) In this appeal, Snead claims that, when the Superior Court vacated its Boot Camp Diversion order, it was only authorized to sentence him to a maximum of 3 years at Level V on the conviction of possession with intent to deliver because that was the total amount of time he had been given at Boot Camp plus probation (i.e. a total of 36 months). As such, Snead argues, his sentence is illegal. Snead also claims that, under Del. Code Ann. tit. 11, §6712(d)(1), his maximum probationary sentence should be 1½ years.
(6) On a Rule 35(a) claim of an illegal sentence, relief is available when the sentence imposed exceeds the statutorily-authorized limits, violates double jeopardy, is ambiguous with respect to the time and manner in which it is to be served, is internally contradictory, omits a term required to be imposed by statute, is uncertain as to its substance, or is a sentence that the judgment of conviction did not authorize.[4]
(7) The Delaware statute governing the Boot Camp Diversion Program provides that, once an offender is found to have violated any of the terms or conditions of the program, the court "shall proceed to sentencing on all charges for which sentencing was originally deferred . . . and shall impose not less than the full applicable Level V sentence mandated for the offense . . . of which the offender was convicted . . . No credit time shall be given for any time spent in boot camp, Level IV or Level III."[5]
(8) Snead has presented no evidence to support his first claim that his sentence for possession with intent to deliver is illegal. Once Snead was found to have committed a VOP, the Superior Court was mandated to impose Snead's original sentence for possession with intent to deliver. There is no basis for an argument that Snead's sentence exceeded the statutory maximum, since the maximum sentence for a Class C felony is up to 15 years at Level V.[6] We, therefore, conclude that Snead's claim that he is entitled to correction of an illegal Level V sentence or credit for additional Level V time served is without merit.
(9) Snead's second claim is that his maximum probationary sentence is 1½ years under Del. Code Ann. tit. 11, §6712(d)(1). That statute, as enacted on July 12, 2005, requires that anyone who is currently in the Boot Camp Program, "may petition the court to have the ordered probationary period reduced to 1½ years . . . ." The record before us reflects that Snead was in the Boot Camp Program at the time the statute was enacted. However, because there is no evidence, nor has Snead argued, that he petitioned to have his probationary period shortened as required by the statute, we conclude that his second claim, too, is without merit.[7]
(10) It is manifest on the face of the opening brief that this appeal is without merit because the issues presented on appeal are controlled by settled Delaware law and, to the extent that judicial discretion is implicated, there was no abuse of discretion.
NOW, THEREFORE, IT IS ORDERED that the State's motion to affirm is GRANTED. The judgment of the Superior Court is AFFIRMED.
NOTES
[1] Supr. Ct. R. 25(a).
[2] Snead later pleaded guilty to three of those charges.
[3] Snead was discharged from probation as unimproved on the trafficking and resisting arrest convictions.
[4] Brittingham v. State, 705 A.2d 577, 578 (Del. 1998).
[5] Del. Code Ann. tit. 11, § 6712(h).
[6] Del. Code Ann. tit. 16, §4751(a); Del. Code Ann. tit. 11, §4205(b)(3).
[7] To the extent that Snead seeks to raise claims outside the scope of Rule 35(a), such as ineffective assistance of counsel, we decline to address those claims. Super. Ct. Crim. R. 61.